ODER; The (WOOLF v.). See Case No. 18,-027.

## Case No. 10,430.

ODIORNE v. AMESBURY NAIL FACTORY.

[2 Mason, 28; [1] 1 Rob. Pat. Cas. 300.]

Circuit Court, D. Massachusetts. May Term, 1819.

PATENTS—TWO PATENTS FOR SAME INVENTION.

An inventor cannot, under the patent act of the United States, have two subsisting valid patents at the same time, for the same invention. The first patent, while it remains in full force and unrepealed, is an estoppel to any subsequent patent by the same person for the same invention, and the time of his exclusive right begins to run from that period.

[Cited in Eagle Manuf'g Co. v. Bradley, 35 Fed. 297; Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 38; Miller v. Eagle Manuf'g Co., 151 U. S. 186, 14 Sup. Ct. 315.]

This was an action of trespass on the case brought by the plaintiffs against the defendants for the violation of a patent right [No. 4,714] obtained by one Jesse Reed, in the year 1807, for a new and useful improvement in machinery for cutting, griping and heading nails of various sizes at one contin-

1 [Reported by William P. Mason, Esq.]

ued operation, and assigned by said Reed, to the plaintiffs. The defendants pleaded the general issue, and filed the following specification of special matter, to be given in evidence. 1st. That the machine, or combination of machinery claimed by the plaintiffs under the patent stated in the declaration in this cause was not originally discovered by the said Jesse Reed, but by a certain Jacob Perkins, and that the said Jesse Reed has surreptitiously obtained the said patent for the discovery of another person, to wit, of the said Jacob Perkins. 2d. That the machine, or combination of machinery claimed by the plaintiffs under the patent stated in the said declaration was not originally discovered by the said Jesse Reed, but was described in a public work anterior to the said supposed discovery, to wit, in a certain patent issued by the secretary of state, to a certain Jesse Reed, dated the 16th day of September, 1810, and also in a certain patent issued to Guppy & Armstrong, assignees of Jacob Perkins, dated 14th of February, 1799. 3d. That the discovery or invention contained or described in the patent stated in the said declaration, is contained or described in a certain patent issued to the said Jesse Reed, dated 16th of September, 1810, which is still unrepealed, and that a patent of the date last mentioned was granted to the said Jesse Reed for the whole or part of the same invention or discovery patented by the patent stated in the said declaration. 4th. That the patent stated in the said declaration is broader than the discovery or invention of the said Jesse Reed in this, that certain parts of the said alleged discovery or invention were in use prior to the said supposed discovery or invention, and there is nothing in the said patent, by which the said parts can be distinguished from other parts, of which the said Jesse Reed may have been the inventor, and that the parts so in use before the said discovery are the following, to wit, the horns, conductor, clearer and gauge. 5th. That the patent described in the plaintiff's declaration is also broader than the invention or discovery of the said Jesse Reed in this, that a part of the improvement, alleged to have been invented and discovered by the said Jesse, consists in the combination and application of certain parts of the machine described in his said patent, and of certain mechanical powers, which combination and application were in use prior to his alleged discovery. 6th. That the improvements, alleged by the plaintiffs to have been invented by said Reed, contain no new principle or application of principles, or mode of operation, or combination of machinery not before known and in use. 7th. That the machine and combination of machinery, described in the plaintiff's patent and specification recited in the declaration, is the same with the machine and combination of machinery described in a certain patent and

specification, issued by the secretary of state to the said Jesse Reed, dated 22d of February, A. D. 1807, which patent, at the circuit court of the United States for the district of Massachusetts at the October term thereof, A. D. 1815, was adjudged to be vacated.

Evidence was produced by the defendants, in the opening of the defence, to prove, that the plaintiffs, in the year 1810, had obtained a patent for the same invention and improvements contained in the patent, for a violation of which this action was brought, and this fact was not denied by the plaintiffs.

George Sullivan, for plaintiffs.
Benjamin R. Nichols, for defendants.

STORY, Circuit Justice. Independent of every other objection, there is one, which seems admitted in point of fact, and is certainly established in evidence, that is decisive against the plaintiffs. It appears that the plaintiffs obtained a patent in September, 1810, substantially for the same invention, and improvements, which are contained in the patent, on which they now sue. That patent remains in full force and unrepealed. It cannot be, that a patentee can have in use at the same time two valid patents for the same invention; and if he can successively take out at different times new patents for the same invention, he may perpetuate his exclusive right during a century, whereas the patent act confines this right to fourteen years from the date of the first patent. If this proceeding could obtain countenance, it would completely destroy the whole consideration derived by the public for the grant of the patent, viz. the right to use the invention at the expiration of the term specified in the original grant. I hold it to be the necessary conclusion of law, that the inventor can have but a single valid patent for his invention; and that the first he obtains, while it remains unrepealed, is an estoppel to any future patent for the same invention founded upon the general patent act. The public have by the first patent acquired an inchoate interest, which cannot be defeated by any merely ministerial acts of the officers of the government.

[For another case involving this patent, see Case No. 10,432.]