EAGLE MANUF'G CO. *v.* BRADLEY *et al.*

(*Circuit Court, S. D. Iowa, C. D* May 14, 1888 )

1. PATENTS FOR INVENTIONS—PATENTABILITY—ANTICIPATION—IMPROVEMENT IN CULTIVATORS.

Letters patent No. 242,497, for an improvement in cultivators, the object of which is to assist the operator in raising the beams and shovels by the application of springs, accomplished by the combination of a wheeled frame to which are attached vertically-moving beams, and lifting springs so attached that a greater lifting effect is produced upon the beam as the same is raised than when depressed, is a novel and useful invention, and not anticipated by the patent to H. N. Dalton, in 1869, for the combination of a coiled or other spring with the axle and frame of a gang-plow in such a way that the gang-plow might be raised while running, nor by the patent for an S-shaped spring, granted to W. P Brown, for the purpose of exerting a lifting effect upon the cultivator beam the structure and operation of the last two devices being different, and the lifting effect decreasing as the beam is raised.

2. SAME—PRIOR PATENT TO SAME PATENTEE.

Letters patent No. 242,497 are not invalidated by the prior issue to the same patentee, in 1879, of letters patent for a combination of a spring in such a way as to produce both a lifting and depressing effect upon the beams of a cultivator, although upon the application as made for that patent letters might have been procured covering the combination in question, which exerts only a lifting effect upon the beams, increasing in force as the beam rises, where a severance in the application was made owing to interference proceedings to determine who was the first inventor of the combination for producing the lifting effect alone.

3. SAME—INFRINGEMENT—DIFFERENT ARRANGEMENT OF PARTS.

Letters patent No. 242,497, for an improvement in cultivators, consisting of a combination of a lifting spring with the beams in such a way that a greater lifting effect is produced as the beam is elevated, are infringed by letters patent Nos. 243,123 and 270,629, which produce the same effect by a different combination of the parts of the invention, and by a differently arranged spring.

In Equity. Bill to restrain infringement of letters patent.

*Geo. H. Christy* and *Nathl. French*, for complainant.

*West & Bond*, for defendants.

Before SHIRAS and LOVE, JJ

SHIRAS, J. On the 7th of June, 1881, there was issued to E. A. Wright letters patent No. 242,497, for an improvement in cultivators, the object of the invention being to reduce the labor of handling the machine when in use by the application of springs thereto in such manner as to assist the operator in raising the beams and the shovels attached thereto from their operative to their inoperative positions, without having such springs exert any material lifting strain upon the beams when the cultivator is in operation. The means for accomplishing this object, pointed out in the patent issued, is by the combination of a wheeled frame, vertically-moving beams or drag-bars attached thereto, so that the same may be rotated vertically, and lifting springs so attached that a greater lifting effect is produced upon the beam as the same is elevated than when it is depressed, which lifting force of the spring increases as the beam is elevated, and is maintained notwithstanding the tension of the spring itself decreases as the beam is elevated. By assignment the complainant

is now the owner of these letters patent, and in the present suit avers that the defendant is infringing its rights by manufacturing and selling cultivators containing the features covered by the patent named; and an injunction and accounting are prayed for. The defendant rests the defense upon the two general grounds of the invalidity of the letters patent owned by complainant, and non-infringement thereof by defendant; it being further averred that the cultivators sold by the defendant were manufactured by the David Bradley Manufacturing Company, of Chicago, under letters patent issued to. Charles A. Hague, dated June 21, 1881, and numbered 243,123, and to Byron C. Bradley, dated January 16, 1883, and numbered 270,629. Invalidity of the patent owned by complainant is claimed upon two grounds, *i. e.*, want of novelty, and the issuance to E. A. Wright of a patent under date of December 16, 1879, embracing in substance the features of novelty sought to be protected by the subsequent patent of June, 1881.

The defense of want of novelty is mainly based upon the fact that in 1869 a patent was issued to H. N. Dalton for the combination of a coiled or other spring with the axle and frame of a gang-plow in such a way that the gang-plow might be raised while running, so as to cut a light furrow or be lifted entirely from the ground. In Dalton's machine the wheels moved upon an axle, with a crank therein running under the frame of a gang-plow. A spring was coiled around the axle, one end being attached to the frame and the other to the axle. When the spring was released it tended to revolve the crank-axle, and thereby to lift the plow-frame. The greatest effect, however, would be produced when the spring was first released, and the lifting effect would decrease with the decr: se of tension In the Wright combination the novelty consists, not in merely applying the lifting power of a spring to aid in raising the drag-beams or frame of the cultivator, but in the combination of a spring with the the drag-beam and frame in such a manner that the operator is aided in lifting the drag-beams, and the lifting power is so applied that its effect increases as the drag-bar is elevated, and when the machine is in operation the lifting effect is so slight as to be practically eliminated. The Wright combination is not found in the Dalton machine, and the result produced by the two machines, while alike in the sense that in each a lifting effect is produced, is different in that Wright produces a constantly increasing effect, while Dalton has a decreasing effect as the tension of the spring weakens. As applied to cultivators, a Dalton combination would have no practical value, whereas that of Wright is useful and valuable when thus applied. Without the aid of drawings it is difficult to intelligibly explain the differences existing between the Dalton and Wright combinations, and we shall content ourselves by saying that the differences in structure, operation, and result are sufficiently marked to justify the holding that the Wright patent cannot be held void for want of novelty by reason of anything appearing in the Dalton combination. The same is true of the patent issued to W. P Brown. He applied S-shaped springs for the purpose of exerting a lifting effect upon the cultivator beam or drag-bar, but their operation was the same in effect as in

the Dalton machine, their effect being greatest when the beam was in its working position. Without noticing specially the other patents and form of cultivators which have been presented and commented on in argument in support of the allegation of lack of novelty in the Wright combination, we hold that none of them contain the special feature, nor produce the same result, found in the Wright patent; and hence we reach the conclusion that the defense of lack of novelty by reason of prior invention has not been made cut. No argument is needed to show that the object sought to be accomplished by the Wright combination is of value and usefulness in the manufacture of cultivators. The number of patents issued for contrivances intended to accomplish the object, as well as the fact that in all, or nearly all, the forms of wheeled cultivators now upon the market some device to this end is found, shows that the result brought about by the combination patented to Wright is sufficiently useful to sustain a patent upon the means for accomplishing the same.

The second ground upon which invalidity in the Wright patent is predicated is that Wright, when the patent of 1881 was issued, already held a patent which substantially covered the same invention, and that the existence of the former destroys the validity of the latter. The principle that, if an inventor obtains a valid patent covering his invention, he cannot at a later date obtain a second valid patent for the same invention is well settled. *Odiorne* v. *Factory*, 2 Mason, 28; *Suffolk Co.* v. *Hayden*, 3 Wall. 315. *James* v. *Campbell*, 104 U. S. 382. The evidence in this case shows that on December 16, 1879, a patent was issued to E. A. Wright for an "improvement in wheel cultivators," the object of which is stated to be the giving the operator mechanical assistance in raising and lowering the plows without interfering with their usual action and movement, and to prevent the plows from rising out of the ground accidentally, and to limit their descent, and the means employed consist of the combination of a beam or drag-bar, swinging vertically, with a double-acting automatic spring, the coiled end of which is attached to a bearing plate attached to the beam or drag-bar, while the free end of the spring passes under a roller attached to the upright part of the arched axle. The spring itself consists of a coil at the fixed end, with an arm projecting having a bend or shoulder and a further projection or extension therefrom. When the cultivator plows are in the ground, the effect of this spring is to press down upon the drag-bar, and thus aid in keeping the plows in the ground. When the drag-bar is raised, so that the bend in the projecting arm of the spring passes the roller, at this instant the action of the spring is reversed, and a lifting effect upon the beam results. It further appears that when Wright first applied for a patent his application was in such form that he might have procured thereon letters patent covering the combination intended to exert only a lifting effect upon the drag-beams, and also the combination providing for the pressure upward or downward as the position of the drag-bar is changed. While the application was pending in the patent-office, an interference was declared with the application of one W. J. Browne, in order to determine which was the first inventor of the combination for producing the lifting

effect alone.. There being no doubt that, whatever might be the result of the interference proceedings, Wright was entitled to a patent for the combination uniting the lifting and depressing action upon the drag-bar, . a severance in the application was made, and the patent dated December . 16, 1879, was issued to him, in which the combination is declared to be for the double purpose of holding the beam or bar down to its work, and of assisting in lifting it when the bar is thrown out of action,—that is, when it is lifted free of the ground. In the specification it is stated: "I do not claim in the present patent the broad idea of a lifting spring which acts with increasing force as the beam rises, as I have made the same the subject of a separate application bearing date prior hereto." It is thus made clear that the issuance of two patents was not for the purpose of extending the life of the monopoly, but was caused by the action of the patent-office, in the manner and for the purpose described Upon the hearing of the interference proceedings, it was finally decided that Wright was the prior inventor of the combination for lifting the drag-bar by means of a spring, so arranged that the lifting effect increases as the tension of the spring decreases, or, in other words, as the drag-bar is raised up from the operative position, and for that combination the patent of 1881 was finally granted him. It will be noticed that the patent latest in date was first applied for, and, if the two were identical, the question would arise whether the date of application or of final issue would govern in deciding which of the two was to be held invalid. Without considering this matter, we are of opinion that the ground covered by the two patents is sufficiently distinct to uphold both patents, and the objection made that the patent of 1881 is rendered void by that of 1879 must be overruled.

This brings us to the question of infringement. As already stated, the answer avers that the cultivators sold by defendant are manufactured under patents issued to Charles A. Hague and Byron C. Bradley. In the Hague combination is found a spring with a coiled end attached to the upright of the arch axle, the other end being connected by a link with a movable arm fastened by means of a spindle to the side of the tongue back of the axle. When the plows are in the ground the coiled spring is at its greatest tension, but the lifting effect upon the drag-bar is wanting, because the position of the link and movable arm is then such that the pulling effect caused by the spring is exerted in a line parallel, or nearly so, with the drag-bar. When, however, the drag-bar is lifted, then the arm attached to the tongue begins to rise, and, by means of a chain running from the arm to the drag-bar, a lifting effect is caused. The result is identical with that produced by the Wright combination, and it is brought about by the use of a coiled spring with an elongated arm acting between the upright of the arched axle and the beam or drag-bar. There is a difference in the position of the parts of the combination; but a mere change in position does not constitute a new combination nor evince the exercise of invention. There are also some changes made in the mode by which the lifting effect of the spring is brought to bear upon the drag-bar. Instead of the direct application of this effect

shown in the Wright combination, it is applied through the link, arm, and chain; but despite this change the combination in the Hague form of machine clearly includes the principle and mode of application thereof covered by the Wright combination, and is therefore an infringement thereon. In the Bradley patent the spring is made in the form of a V, one end of which is fastened to the upright of the arched axle, and the free end is connected by a flexible connection to a vibrating arm hung on the arch or frame, which arm is connected with a hook projecting from the beam coupling in such shape that when the free end of the drag-bar is raised, the spring, acting through the vibrating arm and its connection with the beam coupling, tends to raise the beam upward. This is but another form of the combination of a spring exerting a lifting effect upon the drag-bar of the cultivator as the latter is raised out of the ground, substantially in the manner pointed out by Wright. It is apparent that as soon as Wright had shown that it was possible to accomplish the desired object of raising the drag-bar without interfering with the action of the cultivator by utilizing the pulling effect of a spring operating between the axle or frame of the cultivator and the drag-beam or bar, it then became possible for others to suggest many different modifications in the position and means of attachment of the parts necessary to effect the desired result; but these modifications, so far as they have been brought to the attention of the court in this cause, did not, in their production, require the exercise of inventive skill, and they all include the essentials of the combination covered by Wright's patent of 1881.

Our conclusion is that complainant is entitled to a decree, as prayed for.

LOVE, J., concurs.